*United States v. Coleman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand and twenty-six.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 No. 23-7975

SAMUEL COLEMAN,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                          JEREMY GUTMAN, New York, NY.

FOR APPELLEE:                           JOSHUA ROTHENBERG, Assistant
                                        United States Attorney, *for* Carla B.
                                        Freedman, United States Attorney,
                                        Northern District of New York,
                                        Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this matter is **REMANDED** and the district court is instructed to vacate the sentence, in part, and may take further action consistent with this opinion. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.[1]

Defendant-Appellant Samuel Coleman pled guilty to three counts of distribution of methamphetamine and three counts of possession of methamphetamine with intent to distribute. The district court sentenced Coleman

---

[1] After oral argument in this case in December 2024, we reserved decision on this appeal pending this Court's resolution of *United States v. Maiorana*, 153 F.4th 306 (2d Cir. 2025), and *United States v. McAdam*, 165 F.4th 688 (2d Cir. 2026).

principally to 70 months' imprisonment, to be followed by three years of supervised release.

When it imposed supervised release, the district court said: "While on supervised release, the standard conditions will apply. There are also special conditions I need to impose because of the circumstances here. They are set forth in detail and you should have a copy of them." App'x 39. The district court then confirmed that Coleman's attorney had reviewed the conditions of supervised release with Coleman. The district court adopted the special conditions and said that each was "reasonably related to the sentencing factors set forth in [18 U.S.C. § 3553(a)(1), (a)(2)]." *Id.*

On appeal, Coleman now challenges several conditions that appeared in his written judgment: one condition relating to the warrantless searches by the Probation Office of Coleman's home and belongings (the "search condition"), described in the district court's written judgment as a "standard" condition, and four special conditions relating to drug and alcohol use and treatment (the "treatment conditions").

"This Court generally reviews the imposition of supervised release conditions for abuse of discretion." *United States v. Oliveras*, 96 F.4th 298, 304 (2d

Cir. 2024).[2]  But "plain error review applies when a defendant had a meaningful opportunity to make objections and failed to raise them before the district court at sentencing."  *United States v. McAdam*, 165 F.4th 688, 698 (2d Cir. 2026).  To show plain error, a party must demonstrate "(1) an error, (2) that is plain and (3) that affects substantial rights."  *Id.* at 699.  Where those conditions are met, we may "exercise our discretion to correct the error, but only if it seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.*  "A sentencing court's failure to explain its rationale for imposing a special condition is plain error where it is not obvious from the record why such a condition was reasonably necessary."  *Id.*  But where a defendant did not have a "meaningful opportunity to make objections," *id.* at 698, plain error review is not appropriate.

## I.    Search Condition

Coleman first challenges a condition that appeared in his written judgment as a "standard condition[]" of supervision.  App'x 46.

It reads:

> You must submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a

---

[2] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

*Id.* Coleman objects that he did not know of this condition during his sentencing proceeding and instead learned about it for the first time when he received a written copy of his judgment. Coleman also says that the district court did not undertake any individualized assessment of whether this search condition was reasonably related to the goals of sentencing under 18 U.S.C. § 3553(a)(1) and our precedents.[3]

We agree. As a threshold matter, we will not review the imposition of this condition for plain error, as the government urges, because Coleman had no "meaningful opportunity to make objections" to the condition at sentencing. *McAdam*, 165 F.4th at 698. The condition was not listed as a recommended condition in the Presentence Investigation Report. And the Court's general reference to "the standard conditions," App'x 39, did not put Coleman on notice

---

[3] Coleman contends that the special condition labeled "Standard Condition 14" suffers from the same infirmities, but he does not seek to invalidate that condition. Appellant's Br. at 12 n.5

of the district court's intent to impose this condition. As we recently explained in *McAdam*, the challenged search condition is not a "standard" discretionary condition but, rather, is a "special" discretionary condition that a court may impose in light of specific circumstances of the case. 165 F.4th at 695–696; *id.* at 696 n.6 ("Indeed, 'standard conditions' is a specific term under the Guidelines and our case law, with a particular definition, and it does not include [the challenged conditions].").  General Order #23 of the Northern District of New York did not change that fact. *Id.* at 696–97.[4]

In any event, we would vacate this condition under any standard of review. For one thing, the district court did not orally impose the condition at sentencing, as required for discretionary conditions. *See United States v. Maiorana*, 153 F.4th 306, 313 (2d Cir. 2025) ("Mandatory conditions may be imposed without prior notice or pronouncement.  Discretionary conditions may not.").  True, we have held that "[a] sentencing court need not read the full text of every condition on the record." *Id.* at 314. But it must at a minimum "expressly adopt or specifically incorporate by reference particular conditions that have been set forth in writing

---

[4] General Order #23 has since been modified to remove the condition at issue. *See* N.D.N.Y. Gen. Ord. 23 (amended 2023).

and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court." *Id.* For the reasons noted above, the district court's general reference to "standard conditions"—a phrase that does not describe the condition at issue here—was insufficient to satisfy this standard.

In addition, the district court failed to state on the record its individualized reasons for imposing the condition. "For the imposition of special conditions of supervised release to be procedurally reasonable, a district court must make an individualized assessment and state on the record the reason for imposing the condition." *United States v. Robinson*, 134 F.4th 104, 111 (2d Cir. 2025); *see also McAdam*, 165 F.4th at 697 (same). As in *McAdam*, the court's failure to provide individualized reasons for imposing the search condition here was error. 165 F.4th at 697. We need not assess whether the rationale for the condition is "self-evident in the record," such that the condition might nonetheless stand, *id.*, because we would strike the condition in any event on the basis of the district court's failure to pronounce it at sentencing.

## II.     Treatment Conditions

Coleman also challenges the four treatment conditions, which read:

> 1. You must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered

7

in an amount deemed reasonable according to the sliding scale co-payment schedule approved by the Court and utilized by the U.S. Probation Office. You must also cooperate with securing any available third party payments as directed.

2. You must participate in a program for substance abuse which will include testing for use of controlled substances, controlled substance analogues, and alcohol. This may include outpatient treatment as recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office must approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of any treatment program which may include abstaining from the use of any alcohol.

3. You must not possess, use, or sell marijuana or any marijuana derivative (including any product containing cannabidiol (CBD) or THC) in any form (including but not limited to edibles) or for any purpose (including medical purposes).

4. Based upon your history of substance abuse, and for the purpose of effective substance abuse treatment programming, you must refrain from the use of alcohol and be subject to alcohol testing and treatment while under supervision.

App'x 47. As with the search condition, Coleman contends that the district court

failed to orally pronounce these treatment conditions at his sentencing proceeding

and that the district court did not perform an individualized assessment of whether they were warranted in Coleman's case.

We disagree. As stated above, a sentencing court complies with the oral pronouncement requirement when it "expressly adopt[s] or specifically incorporate[s] by reference particular conditions that have been set forth in writing and made available to the defendant." *Maiorana*, 153 F.4th at 314. The district court satisfied this standard by stating its intent to impose the "special conditions" that were "set forth in detail" in the Presentence Investigation Report and confirming that Coleman had reviewed the conditions with counsel. App'x 39.

Moreover, we conclude that the district court's imposition of these special conditions for substance-use related treatment was supported by an individualized assessment and that the reason for them is clear from the district court's remarks at sentencing and the record as a whole. As noted above, "[A] district court must make an individualized assessment when determining whether to impose a special condition of supervised release, and state on the record the reason for imposing it." *Oliveras*, 96 F.4th at 313. "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Id.*

At sentencing, Coleman and his attorney both relied on Coleman's long struggle with addiction as a factor that mitigated Coleman's culpability for his offenses. App'x 34–36. In imposing the special conditions for treatment, the district court expressly referenced Coleman's "long history of drug abuse." *Id.* at 39. Under these circumstances, we have no difficulty discerning the district court's rationale for imposing the challenged conditions requiring Coleman to (among other things) attend substance abuse treatment and refrain from using or possessing marijuana or alcohol.

\* \* \*

This matter is accordingly **REMANDED** and the district court is instructed to vacate the condition identified as "Standard Condition 15" and conduct further proceedings consistent with this order.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] On remand, if the district court seeks to reimpose the search condition or to impose a similar condition, Coleman "has a right to a hearing, but he may elect to waive it. The District Court may provide [Coleman] with written notice of the conditions it intends to impose on remand. [Coleman] may elect *not* to demand a hearing regarding those conditions and insist on their pronouncement in his presence. He may instead elect to argue his position in writing only, or to simply agree with the imposition of the conditions proposed." *Maiorana*, 153 F.4th at 315 n.14.

10